IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**COREY EUGENE BENTON,**          :

      **Plaintiff,**              :

**vs.**                                :   CIVIL ACTION 14-00544-WS-B

**STATE OF ALABAMA**, *et al.*,     :

      **Defendants.**             :

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Corey Eugene Benton, an Alabama prison inmate proceeding <u>pro se</u>, initiated this action by filing a motion requesting the issuance of a federal restraining order, and a request to proceed *in forma pauperis*[1]. (Docs. 1, 2). Upon review of Benton's documents, the Court issued an order dated November 24, 2014, which appraised Benton that it is necessary for him to file a complaint in order to commence a civil action in federal court. (Doc. 3). Benton was directed to file his complaint on the Court's form for inmate actions under 42 U.S.C. § 1983 no later December 22, 2014. Benton was also provided with a copy of the complaint form and was cautioned that failure to comply with the Court's order within the prescribed time or to advise the Court of a change in address would result in the dismissal of this action without prejudice for failure to

---

[1] This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.

prosecute and to obey the Court's Order. To date, Benton has not responded in any manner to the Court's Order (Doc. 3), nor has his copy of the Order and form been returned to the Court.

Due to Benton's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **March, 2015.**

                                                        /s/ SONJA F. BIVINS
                                              **UNITED STATES MAGISTRATE JUDGE**